UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Thelathia K.,[1]
Plaintiff,
vs.
Frank Bisignano, Commissioner of Social Security,
Defendant.

C/A No. 8:25-cv-11562-JDA-WSB

**REPORT AND RECOMMENDATION**

This matter is before the Court for a final Order pursuant to Local Civil Rule 73.02(B)(1) (D.S.C.) and 28 U.S.C. § 636(c). Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)) ("the Act"), to obtain judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying her claim for disability insurance benefits ("DIB") under Title II of the Act.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed an application for DIB dated October 27, 2020, asserting disability beginning June 12, 2019, due to widespread musculoskeletal pain, nerve pain, and headaches. R. 420, 452. Plaintiff's application was denied initially and on reconsideration. R. 162-79, 187-99. On December 1, 2022, Plaintiff, who was represented by counsel, and an impartial vocational expert appeared and testified at an administrative hearing conducted by an administrative law judge ("ALJ"). R. 83-113. On March 21, 2023, the ALJ issued an administrative decision finding Plaintiff

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants only by their first names and last initials due to significant privacy concerns in social security cases.

was not disabled. R. 214-28. This first decision was remanded by the Appeals Council. On March 24, 2024, a second administrative hearing before an ALJ occurred in which Plaintiff, again represented by counsel, and an impartial vocational expert appeared by telephone and testified. R. 48-82, 235-38. On July 26, 2024, the ALJ issued a second administrative decision finding that Plaintiff was not disabled under the Act. R. 14-40. The Appeals Council declined review of the July 2024 administrative decision, making it the Commissioner's final decision for purposes of judicial review. R. 1-6, 14-40. Plaintiff filed this action for judicial review on August 27, 2025. ECF No. 1.

In making the determination that Plaintiff is not entitled to benefits, the ALJ found as follows:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2021.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of June 12, 2019, through her date last insured of December 31, 2021 (20 CFR 404.1571 et seq.).
>
> 3. Through the date last insured, the claimant had the following severe impairments: left knee degenerative joint disease, status-post surgery for meniscus tear; cervical degenerative disc disease; and lumbar degenerative disc disease status-post surgery (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant can never operate foot controls with the bilateral feet. She can occasionally operate hand controls with the bilateral hands. She can occasionally

> climb ramps and stairs, but she can never climb ladders, ropes, or scaffolds. She can occasionally stoop, and she can never kneel, crouch, or crawl. She should not work at unprotected heights, or with dangerous unprotected moving mechanical parts. She should never have to work in extreme cold, with vibration, in very loud conditions, or in brightly lit environments, i.e., direct sunlight, tv film set, theatre stage, or a medical facility operating room. She may need a handheld assistive device for all ambulation, however, she can lift and carry up to the exertional limits with her other hand.
>
> 6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born on October 26, 1972, and was 49 years old, which is defined as a younger individual age 45-49, on the date last insured (20 CFR 404.1563).
>
> 8. The claimant has a limited education (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).
>
> 11. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 12, 2019, the alleged onset date, through December 31, 2021, the date last insured (20 CFR 404.1520(g)).

## APPLICABLE LAW

The Commissioner's findings of fact are conclusive if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C. § 405(g); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation and internal quotation marks omitted). Moreover, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court. *Id.* (citation and internal quotation marks omitted); *see Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *Slaughter v. Barnhart*, 124 F. App'x 156, 157 (4th Cir. 2005) (citation omitted).

However, the reviewing court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Rhonda J.H. v. Comm'r of Soc. Sec. Admin.,* C/A No. 8:22-cv-02899-JDA, 2024 WL 243471, at *1 (D.S.C. Jan. 23, 2024) (citations omitted). When "the ALJ's decision is not supported by substantial evidence, [the reviewing court] may affirm, modify, or reverse the ALJ's ruling 'with or without remanding the cause for a rehearing.'" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974) (citations omitted).

In cases where remand is deemed necessary, the court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *See Shalala v. Schafer*, 509 U.S. 292, 296 (1993). "[T]o remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim." *O'Quinn v. Saul*, C/A No. 2:19-cv-00067-DCN-MBG, 2019 WL 5387910, at *2 (D.S.C. Oct. 22, 2019) (citation and internal quotation marks omitted). Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four is usually the proper course to allow the Commissioner to explain the basis for the decision or for additional investigation. *See Radford*, 734 F.3d at 295 ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling."). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Smith*, 782 F.2d at 1182; *Nichols v. Comm'r of Soc. Sec. Admin.*, C/A No. 8:20-cv-01660-CMC-JDA, 2021 WL 3621993, at *3 (D.S.C. July 26, 2021). After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction. *Rhonda J.H.,* 2024 WL 243471, at *2 (citation omitted).

In contrast, sentence six provides as follows:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ….

42 U.S.C. § 405(g). A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is "relevant to the determination of disability at the time the application was first filed"; (2) the evidence is "material to the extent

that the [Commissioner's] decision might reasonably have been different had the new evidence been before her"; (3) there is "good cause for the claimant's failure to submit the evidence when the claim was before the [Commissioner]"; and (4) the claimant made "at least a general showing of the nature of the new evidence" to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Hum. Servs.*, 925 F.2d 769, 774 (4th Cir. 1991) (citations and internal quotation marks omitted).[2] With remand under sentence six, the parties must return to the court after remand to file modified findings of fact. *O'Quinn*, 2019 WL 5387910, at *2 (citation omitted). The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. *Id.; see Allen v. Chater*, C/A No. 95-2344, 1995 WL 579275, at *1 (4th Cir. 1995) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

**The Five-Step Evaluation**

"Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months[.]

[2] Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts within the United States Court of Appeals for the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence. *See, e.g.*, *Miller v. Barnhart*, 64 F. App'x 858, 859-60 (4th Cir. 2003); *Rapheal M.S. v. Comm'r of Soc. Sec. Admin.*, C/A No. 8:22-cv-04301-DCN-JDA, 2024 WL 1528507, at *3 (D.S.C. Jan. 25, 2024). Further, the Supreme Court of the United States of America has not suggested *Borders*' construction of § 405(g) is incorrect. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990). Accordingly, the Court will apply the *Borders* inquiry.

42 U.S.C. § 423(d)(1)(A). To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment. 20 C.F.R. § 404.1520(a)(4). Through the fourth step, the burden of production and proof is on the claimant. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience. *Id.* If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4).

**Substantial Gainful Activity**

"Substantial gainful activity" must be both substantial - involves doing significant physical or mental activities - and gainful - done for pay or profit, whether or not a profit is realized. 20 C.F.R. § 404.1572(a), (b). If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity. *Id.* §§ 404.1574-404.1575.

**Severe Impairment**

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *See* 20 C.F.R. § 404.1520. When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of

the claimant's impairments. 42 U.S.C. § 423(d)(2)(B); *see Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of impairments on a disability claimant, "the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them"). "As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Walker*, 889 F.2d at 50. If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B).

**Meets or Equals an Impairment Listed in the Listings of Impairments**

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. § 404.1509, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d).

**Past Relevant Work**

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant." *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995). At this step of the evaluation, the ALJ compares the claimant's residual functional capacity ("RFC") with the physical and mental demands of his past relevant work. 20 C.F.R. § 404.1560(b).

A claimant's RFC is the most that he can still do despite his limitations, and it is the ALJ's responsibility to make the RFC assessment by considering all relevant medical and other evidence in the record. 20 C.F.R. §§ 404.1545(a), (c). Social Security Ruling ("SSR") 96-8p provides in pertinent part:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities

> on a function-by-function basis, including the functions in paragraph (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945. Only after that may [the] RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

1996 WL 374184, at *1. The SSR further provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

*Id.* at *7. Further, "[t]he RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." *Id.* Moreover, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.*

**Other Work**

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. *Grant*, 699 F.2d at 191. To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "Grids"). *Meyer v. Berryhill*, C/A No. 8:16-cv-03310-JMC-JDA, 2018 WL 3133422, at *5 (D.S.C. Jan. 4, 2018). The Commissioner *may* exclusively rely on the Grids when a claimant does not

have a nonexertional impairment.[3] 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *see also Gory v. Schweiker*, 712 F.2d 929, 930–31 (4th Cir. 1983) (stating that "[w]hen a claimant suffers from both exertional and nonexertional limitations, the [Grids] are not conclusive but may only serve as guidelines."); *Groth v. Comm'r of Soc. Sec. Admin.*, C/A No. 0:16-cv-01581-JMC, 2018 WL 4140666, at *2 (D.S.C. Aug. 30, 2018).

**Developing the Record**

The ALJ has a duty to fully and fairly develop the record. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). The performance of this duty is particularly important when a claimant appears without counsel. *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980). In such circumstances, "the ALJ should scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Id.* (internal citations and quotation marks omitted).

**Medical Opinions**

For claims filed on or after March 27, 2017, such as Plaintiff's herein, a regulatory framework for considering and articulating the value of medical opinions is provided by 20 C.F.R. § 404.1520c. The regulations define the term "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." *Id.* § 404.1513(a)(2). The ALJ should consider

[3] An exertional limitation is one that affects the claimant's ability to meet the strength demands of jobs. 20 C.F.R. § 404.1569a(a). A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands. *Id.* Examples of nonexertional limitations include, but are not limited to, difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; and difficulty seeing or hearing. *Id.* § 404.1569a(c)(1).

and articulate in the decision how persuasive each medical opinion is based upon the factors of: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. *Id.* § 404.1520c(b), (c). Supportability and consistency are the most important of the factors for consideration, and the ALJ is required to explain how he considered the supportability and consistency factors in evaluating opinion evidence. *Id.* § 404.1520c(a), (b)(2). An ALJ may, but is not required to, explain how the remaining factors were considered. *Id.* § 404.1520c(b)(2). In evaluating the supportability of an opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) … the more persuasive the medical opinions … will be." *Id.* § 404.1520c(c)(1). In evaluating the consistency of an opinion, "[t]he more consistent a medical opinion(s) … is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) … will be." *Id.* § 404.1520c(c)(2). When a medical source provides multiple medical opinions, the ALJ "will articulate how [he] considered the medical opinions … from that medical source together in a single analysis …." *Id.* § 404.1520c(b)(1). ALJs "are not required to articulate how [they] considered each medical opinion … from one medical source individually." *Id.*

**Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 404.1517.

**Pain or Subjective Complaints**

Congress has determined that a claimant will not be considered disabled unless he or she furnishes medical and other evidence (*e.g.*, medical signs and laboratory findings) showing the

existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). SSR 16-3p provides, "[i]n considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." 2017 WL 5180304, at *4; *see also* 20 C.F.R. § 404.1529(c)(1)–(c)(2) (outlining evaluation of pain).

In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis. *Morgan v. Barnhart,* 142 F. App'x 716, 723 (4th Cir. 2005); *see also* SSR 16-3p, 2017 WL 5180304, at *3-4. First, "the ALJ must determine whether the claimant has produced medical evidence of a medically determinable impairment which could reasonably be expected to produce" the alleged symptoms. *Morgan*, 142 F. App'x at 723 (citation and internal quotation marks omitted); *see* SSR 16-3p, 2017 WL 5180304, at *3. Second, the ALJ must evaluate "the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities ... or to function independently." SSR 16-3p, 2017 WL 5180304, at *4.

**THE PARTIES' POSITIONS**

Plaintiff's argument is that the ALJ did not create an accurate and logical bridge from the evidence to the conclusion as it relates to Plaintiff's pain and subjective complaints. ECF No. 8 at 31-36. Within that broader argument, Plaintiff also asserts that (1) the ALJ improperly required objective evidence of pain (ECF No. 8 at 34) and (2) the ALJ made assumptions without record support (ECF No. 8 at 33).

The Commissioner, however, argues that the ALJ's decision is supported by substantial evidence and free from legal error. ECF No. 9 at 7-17.

**APPLICATION AND ANALYSIS**

The Court will first analyze the broader issue of whether the ALJ's analysis creates a logical bridge from the evidence to the conclusion. Then the Court will address the issues regarding objective evidence and claimed assumptions.

**Logical Bridge**

***Two Step Analysis***

In evaluating claims of disabling pain or other subjective complaints, the ALJ must proceed in a two-part analysis. *Morgan v. Barnhart*, 142 F. App'x 716, 723 (4th Cir. 2005); *see also SSR* 16-3p, 2017 WL 5180304, at *3-4. First, "the ALJ must determine whether the claimant has produced medical evidence of a medically determinable impairment which could reasonably be expected to produce" the alleged symptoms. *Morgan*, 142 F. App'x at 723 (citation and internal quotation marks omitted); *see* SSR 16-3p, 2017 WL 5180304, at *3. Second, the ALJ must evaluate "the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities ... or to function independently." SSR 16-3p, 2017 WL 5180304, at *4.

To evaluate the second step, "the ALJ must 'assess the credibility of the claimant's statements about symptoms and their functional effects.'" *Brown v. Comm'r SSA*, 873 F.3d 251, 255 (4th Cir. 2017) (citing *Lewis v. Berryhill*, 858 F.3d 858, 866 and 20 C.F.R. § 404.1529(c)(4) (providing, e.g., that the ALJ will consider whether there are "any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you")).

The Court should give great deference to the ALJ's credibility determinations. *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997); *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) ("[T]he ALJ's observations concerning [credibility] are to be given great weight.").

In this case, at the first step, the ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . ." R. 26. At the second step, the ALJ concluded that "the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." *Id*. It is the conclusion in the second step with which Plaintiff takes issue.

***Record Evidence***

The ALJ provided a detailed summary of the medical evidence. R. 25-37. There does not appear to be any argument regarding the accuracy or completeness of this summary. The ALJ did not limit the summary to only evidence that supports one conclusion. Plaintiff acknowledges that the ALJ's summary contains "a mix of positive and negative findings." ECF No. 8 at 34.

Because the ALJ is the trier of fact, the duty to resolve conflicting medical evidence, or a mix of positive and negative evidence, lies with the ALJ. *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025). When the ALJ applies the correct factors, the Court "won't Monday-morning-quarterback the decision unless it is exceptionally clear that the ALJ made a mistake." *Id*. The Court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for the ALJ's." *Id*. (citing *Arakas v. Comm'r of Soc. Sec. Admin*., 983 F.3d 83, 95 (4th Cir. 2020)).

***Reason for Conclusion***

The issue raised by Plaintiff is "whether the ALJ 'offered a sufficient rationale in crediting certain evidence and discrediting other evidence.'" *Drumgold*, 144 F.4th at 605 (quoting *Shelley*

*C. v. Comm'r of Soc. Sec. Admin*., 61 F.4th 341, 353 (4th Cir. 2023)). Missing rationale or analysis for a determination "makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). Therefore, the "ALJ must not only reach a conclusion supported by substantial evidence but also 'build an accurate and logical bridge from the evidence to their conclusions.'" *Drumgold*, 144 F.4th at 605 (quoting *Arakas,* 983 F.3d at 95).

"Although the Social Security Administration must ultimately state the reason or reasons upon which its final decision is based, an ALJ need not explain in detail how [s]he evaluated the persuasiveness of each piece of evidence in the record." *Drumgold*, 144 F.4th 604-5 (internal citations and quotations omitted).

In this case, after summarizing the medical records, the ALJ provides the basis for why she found the allegations and testimony to be only partially consistent with the evidence. R. 37-38. The ALJ first noted, and cited portions of the record to support, a contradiction between Plaintiff's reported exertional limit that she could only lift 8-10 pounds, stand for 20-30 minutes and walk 10-15 minutes and medical evaluations typically showing Plaintiff to have full strength throughout her body and normal ambulation.[4] R. 37. The ALJ also discussed a conflict between Plaintiff's claims that she suffers from a severe loss of sensation in her upper extremities and medical evaluations regularly showing Plaintiff to have normal sensation in her extremities and diagnostic

[4] Plaintiff notes that under the law in the Fourth Circuit, an ALJ cannot require objective medical evidence to support a finding of the intensity, severity, degree, or functional effect of pain. *Hines v. Barnhart*, 453 F.3d 559, 564-5 (4th Cir. 2006) ("Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative."). Plaintiff asserts "it appears that the ALJ was looking for objective evidence of pain . . . ." ECF No. 8 at 34. However, it is appropriate for the ALJ to review available objective medical evidence and other evidence. The Court finds nothing in the language of the ALJ's decision which suggests that the ALJ was limiting the evaluation to require objective medical evidence.

imaging of the hands and the neck which fail to reveal injury to the extent of the complaints. R. 37. Regarding mental health issues, the claimant testified about severe mental health issues and reported severe issues with focus and concentration; however, the ALJ observed that the medical evaluations regularly showed Plaintiff to be alert and oriented, with normal attention and concentration. The ALJ also noted that the claimed mental limitations seemed inconsistent with Plaintiff being awarded custody of her young grandson and assuming responsibility to provide care for him.[5] R. 38

The ALJ cited to record evidence to support these contradictions which impacted the credibility assessment. The ALJ weighed the allegations and testimony of Plaintiff against the record evidence to assess the credibility of Plaintiff's statements about symptoms and their functional effects. The Court will not second guess this evidence based credibility determination. The ALJ built an accurate and logical bridge from the evidence to the conclusions. *Drumgold*, 144 F.4th at 605.

[5] Plaintiff argues that the ALJ, at least in part, made assumptions which were the basis of the determination. Plaintiff provides one point on which she asserts the ALJ made an assumption related to the care for her grandson. In reviewing an ALJ's decision, "a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the [ALJ's] factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). An ALJ is not permitted to base decisions on assumptions, suspicions, surmise, speculation, or unsupported personal opinions. *See United States Steel Mining Co. v. Director, Office of Workers' Comp. Programs*, 187 F.3d 384, 389 (4th Cir. 1999) (citing *White v. Apfel*, 167 F.3d 369, 375 (7th Cir. 1999) ("Speculation is, of course, no substitute for evidence, and [ALJ's] decision based on speculation is not supported by substantial evidence."). Plaintiff appears to argue the record does not support when Plaintiff was awarded custody and the age of her grandson at that time. ECF No. 8 at 33. However, Plaintiff testified that as of the date of the hearing (March 26, 2024), her grandson was six years old. R. 55. The ALJ cited to an office visit note dated September 30, 2021, which states that Plaintiff shared with the medical provider that she was granted custody of her grandson. The ALJ's statement that Plaintiff's grandson was three years old when Plaintiff was granted custody is sufficiently supported by the record such that it is not surmise or assumption.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Commissioner's decision be **AFFIRMED**.

**IT IS SO RECOMMENDED.**

s/William S. Brown
United States Magistrate Judge

August 13, 2026
Greenville, South Carolina

***The attention of the parties is directed to the important notice on the following page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).