IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Thelathia K.,[*] Plaintiff,

v.

Commissioner of Social Security, Defendant.

Case No. 8:25-cv-11562-JDA

**OPINION AND ORDER**

This matter is before the Court on an action brought by Plaintiff pursuant to 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security Administration (the "Commissioner") regarding her claim for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On August 13, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Commissioner's decision be affirmed. [Doc. 12.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 18.] No party has filed no objections, and the time to do so has lapsed.

[*] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in Social Security cases, federal courts should refer to plaintiffs only by their first names and last initials.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the decision of the Commissioner is AFFIRMED.

**IT IS SO ORDERED.**

s/ Jacquelyn D. Austin
United States District Judge

August 28, 2026
Greenville, South Carolina